IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HECTOR FLORES | § | |
| VS. | § | CIVIL ACTION NO. 1:08-CV-202 |
| HARRY LAPPIN, ET AL. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Hector Flores, a federal prisoner previously confined at the United States Penitentiary in Beaumont, Texas, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Harry Lappin, T. C. Outlaw, Nurse Perkins, John Fox, Correctional Officer Oden, Correctional Officer Morales, and unidentified defendants.

Discussion

On November 9, 2009, an order was entered directing the United States Marshal to serve process on the defendants. Plaintiff's copy of the order has been returned to the court with a notation that it was undeliverable. The website maintained by the Federal Bureau of Prisons reflects that plaintiff is deceased. In light of plaintiff's death, it appears the case should be dismissed.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

Because there is no longer a plaintiff to prosecute this action, the case should be dismissed for want of prosecution pursuant to Rule 41(b). It is therefore

**ORDERED** that the above-styled civil rights action is **DISMISSED**.  A final judgment will be entered in this case in accordance with this opinion.

**SIGNED** this the 1   day of **December, 2009.**


Thad Heartfield
United States District Judge