IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| TERESA FLORES | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:08-CV-202 |
| HARRY LAPPIN, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Teresa Flores, proceeding *pro se*, was substituted for her deceased brother, Hector Flores, as the plaintiff in this civil rights action. The action was brought pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 against T. C. Outlaw, Darrell Perkins, Officer Oden, Officer Morales, unidentified correctional officers, and the Bureau of Prisons.

Defendants,[1] have filed a motion for summary judgment.[2] Plaintiff has filed a response. The matter is now ripe for review.

### Factual Background

Plaintiff contends that Hector Flores was subjected to unconstitutional conditions of confinement while he was confined at the United States Penitentiary in Beaumont, Texas. On January 16, 2007, Mr. Flores was allegedly assigned to a cell with a broken window. After the damage was reported, a correctional officer allegedly removed Mr. Flores' bedding from the cell, and he was allegedly left exposed to the elements for three weeks. As a result, Mr. Flores became seriously ill, and he was later diagnosed with pneumonia.

---

[1] The motion was filed by the Bureau of Prisons and T. C. Outlaw. Although the remaining defendants have not joined in the motion, the motion for summary judgment inures to the benefit of those defendants as well. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

[2] Defendants filed a motion to dismiss or, in the alternative, for summary judgment. Because the motion includes documents outside the pleadings, the Court will consider it a motion for summary judgment.

Defendants' Motion for Summary Judgmetn

Defendants contend that they are entitled to summary judgment because Hector Flores did not properly exhaust administrative remedies before he filed this action.[3]

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of

---

[3] Defendants raised other grounds for dismissal in the motion. Because the exhaustion issue is dispositive, the Court does not address the other grounds.

administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Federal Bureau of Prisons, which administers the prison where Mr. Flores was incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form. 28 C.F.R. § 542.14. Ordinarily, the written complaint must be filed within twenty calendar days following the date the incident occurred. *Id.* However, an extension of time may be allowed if the prisoner demonstrates a valid reason for the delay, such as an extended period spent in-transit, the prisoner was physically incapable of preparing the complaint, or delays caused by members of the prison staff. *Id.* If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days unless an extension is granted. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel within thirty days, although the time limit may be extended if the prisoner demonstrates a valid reason for the delay. *Id.*

A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The competent summary judgment evidence demonstrates that Mr. Flores attempted to resolve his grievance informally, and then filed a complaint with the warden. The warden's office notified Mr. Flores that the warden needed additional time to respond to the complaint and was extending the response time until November 24, 2007. A formal response was not issued until December 11, 2007. On January 24, 2008, the South Central Regional Office received an appeal of the warden's decision, dated January 21, 2008, from Mr. Flores. The Regional Office rejected the administrative appeal because it was untimely, and the Central Office agreed that the appeal to the Regional Office was untimely.

Plaintiff argues that Mr. Flores was unable to file his appeal to the Regional Office in a timely manner because the warden's response was untimely. However, the regulations provide that the remedy was deemed denied when the extended deadline of November 24, 2007 passed. 28 C.F.R. § 542.18. Mr. Flores should have appealed to the Regional Office within twenty days when he did not receive a response by November 24, 2007. 28 C.F.R. § 542.15. Alternatively, Mr. Flores could have received an extension of time by demonstrating a valid reason for his delay, but the summary judgment evidence shows that Mr. Flores did not attempt to explain the reason for his delay in filing his appeal to the Regional Office. 28 C.F.R. § 542.14.

## Conclusion

Mr. Flores did not properly exhaust administrative remedies by following the established procedures. Therefore, it is **ORDERED** that defendants' motion for summary judgment is granted. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

**SIGNED** this the **29** day of **August, 2013.**

Thad Heartfield
United States District Judge